RECEIVED

FEB - 1 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| REPUBLIC FIRE & CASUALTY INSURANCE COMPANY | CIVIL ACTION NO. 16-00171 |
| -vs- | JUDGE DRELL |
| THE ESTATE OF LARRY W. JEANE, SR., JOHANNA JEANE, SARAH BARBER, JAMIE TURNER, ELIZABETH SPIVEY AND WALLCE SPIVEY | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the court is a Motion to Dismiss filed by Defendants Sarah Barber, Jamie Turner, Elizabeth Spivey, and Wallace Spivey ("State Court Plaintiffs") and adopted by The Estate of Larry Jeane and Johana Jeane ("the Jeanes") against Republic Fire and Casualty Insurance Company's ("Republic") suit for a declaratory judgment. (Doc. 21, 37, 1). Republic sought declaratory judgment against State Court Plaintiffs and the Jeanes asking us to find Republic has no obligation to defend or indemnify The Estate of Larry W. Jeane in the underlying state court suit. For the following reasons, the State Court Plaintiffs' motion is **GRANTED**.

This suit arises out of a July 18, 2014 accident wherein Larry W. Jeane, a permitted operator of a pick-up truck owned by the City of Pineville, crossed the centerline of La. Hwy. 107 in Pineville, Louisiana and struck State Court Plaintiffs' vehicle head-on. (Doc. 1, p. 4). State Court Plaintiffs brought suit on January 9, 2015 in the 9th Judicial District Court ("JDC") of Louisiana against the Louisiana Municipal Risk Management Agency Group Self-Insured Fund,

1

the City of Pineville, Shelter Mutual Insurance Company, the Rapides Parish Police Jury, the State of Louisiana, the City of Pineville City Marshall's Office, and ABC Insurance Company claiming that the deceased, Larry W. Jeane, was acting in the course and scope of his employment as a Pineville City Marshall at the time of the accident. (Doc. 1, p. 4; 9th JDC Civil Suit No. 251,753). State Court Plaintiffs brought the suit against the City of Pineville and State of Louisiana seeking to impose liability based on respondeat superior or vicarious liability. (Doc. 1, p. 4). State Court Plaintiffs amended their suit adding as defendants the Estate of Larry W. Jeane, Sr. and Republic as defendants on March 17, 2015 and March 14, 2016, respectively. (Doc. 21-2, p. 7, 12). Republic is the personal automobile insurer of Johanna Jeane and provided an umbrella policy for both Larry W. and Johanna Jeane at the time of the accident. (Doc. 1, p.6).

Republic filed the declaratory judgment action in this court on February 4, 2016 before it was added as a defendant in the underlying state court suit. (Doc. 1, p. 1). Republic requests a declaratory judgment that it has "no obligation to indemnify the Estate of Larry W. Jeane, Sr." (Doc. 1, p. 4). State Court Plaintiffs filed a Motion to Dismiss Republic's declaratory judgment action on April 28, 2016, which was adopted by the Jeanes on May 10, 2016. (Doc. 37). Republic filed a timely opposition to the motion on May 10, 2016. (Doc. 36).

Concurrently on October 19, 2016, Republic filed a motion for summary judgment in the underlying state suit, claiming that Republic's personal auto policy and personal umbrella policy did not provide insurance coverage for the claims of State Court Plaintiffs. On December 12, 2016, after a hearing on the motion for summary judgment, Judge George Metoyer, Jr., of the 9th JDC, found Republic's personal auto policy did not provide insurance coverage to the Estate of Larry W Jeane Sr. but the umbrella insurance policy did, therefore, the motion for summary

judgment was granted in part and denied in part.  Subsequently, Republic filed a notice of intent to apply for supervisory and remedial writs regarding the ruling of Judge Metoyer's summary judgment on January 9, 2017.

## I.      Legal Standard

The Declaratory Judgment Act, 28 U.S.C. §2201(a) states that "in a case of actual controversy within its jurisdiction (subject to exceptions), any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Supreme Court interpreted the Declaratory Judgment Act as conferring "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co. 515 U.S. 277, 286 (1995).

The analysis regarding whether to retain a declaratory judgment action requires a federal district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes County, 343 F. 3d 383, 387 (5th Cir. 2003). It is undisputed and likewise found by this Court that the first two prongs are here satisfied.

Under the third prong, the Court must exercise its discretion about whether to decide or dismiss the case.  The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination:

1) Whether there is a pending action in which all of the matters in controversy may be fully litigated;

2)  Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3)  Whether the plaintiff engaged in forum shopping in bringing the suit;

4)  Whether possible inequities exist in allowing the declaratory plaintiff to gain precedent in time or to change forums;

5)  Whether the federal court is a convenient forum for the parties and witnesses;

6)  Whether retaining the lawsuit would serve the purposes of judicial economy; and

7)  Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

## II.    Application

The first and seventh Trejo factors both require the court to address comity, efficiency and federalism. Sherwin Williams, at 391-92, (5th Cir. 2003).  The first factor inquires as to whether there is a pending action in which all of the matters may be fully litigated and the seventh factor evaluates whether the federal court is going to construe a state judicial decree involving the same parties and issues as the underlying state court suit.  The Fifth Circuit has further stated that if "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Id. at 390-91.  In the instant matter,

there is a state proceeding currently pending in the 9th JDC, Civil Case No. 251,753.  As stated above, Republic already argued a motion for summary judgment in the state suit on December 12, 2016 regarding the exact issues of coverage, which the court granted in part and dismissed in part. The state court found that the Republic personal auto insurance policy did not cover Larry W. Jeune at the time of the accident, but the Republic umbrella policy did provide coverage. Consequently, Republic filed a notice of intent to apply for supervisory and remedial writs and a motion for extension of time for return date on January 9, 2017.  As there is a parallel state court proceeding that is currently addressing the main issue of coverage in this declaratory judgment, this court finds that the first and seventh Trejo factors are satisfied here in favor of dismissal.

When reviewing the second, third and fourth Trejo factors, the court is encouraged to determine if the plaintiff in the declaratory judgment action is using the declaratory judgment process "to gain access to a federal forum on improper or unfair grounds" and the court should recognize that "more than one venue may be proper."  Sherwin-Williams, at 391-92, (5th Cir. 2003).  The second Trejo factor evaluates whether Republic filed suit in anticipation of a lawsuit. The underlying state suit was filed by State Court Plaintiffs on January 9, 2015 after the accident occurred on July 18, 2014.  Republic was not named as a party in the underlying suit until March 15, 2016; which was after Republic filed the instant suit on February 4, 2016.  Republic claims that because the underlying state suit had been pending for 13 months prior to their addition as defendants without allegations of personal liability insurance coverage, Republic should be allowed to invoke diversity jurisdiction through the declaratory judgment to determine coverage. (Doc. 36, p. 7-8).  However, Republic admits it had been previously put on notice of the state suit through the Jeanes, who sought coverage under Republic's insurance policy. (Doc. 1, p. 6).

5

Furthermore, Republic claims it is seeking a declaratory judgment in federal court to determine the issue of coverage in an on-going state court suit that recently issued a judgment regarding insurance coverage. (Doc. 1, p. 4). While venue for the declaratory judgment is proper in the Western District of Louisiana, the court finds the second factor is in favor of dismissal because Republic was aware of the state suit and did file the declaratory judgment action shortly prior to being added as a defendant there.

As to the third and fourth Trejo factors evaluating whether the plaintiff engaged in forum shopping or if inequities exist in allowing the declaratory action, Republic presents the court with no evidence of inequities or undue prejudice by being forced to litigate in the state court suit. Republic was aware of the possibility that the ongoing state suit would involve them and asked for a copy of the underlying state litigation papers prior to filing the instant suit. (Doc. 21, p. 6). Therefore, this court find that the third and fourth factors also weigh in favor of dismissal.

The fifth and sixth Trejo factors primarily address efficiency considerations for all parties. Sherwin-Williams at 392. In this instance, Republic and State Court Plaintiffs do not contest the fifth factor because both the federal court and the state court are located in Alexandria, Louisiana. (Doc. 36, p. 8).

As for the sixth Trejo factor, which determines whether retaining the lawsuit would serve the purposes of judicial economy, the Fifth Circuit has said that a "Federal District Court should avoid duplicative or piecemeal litigation where possible." Id. at 391. If we were to grant the declaratory judgment, it would clearly result in duplicative litigation because the state court is able to adequately provide (and has provided) a forum to determine insurance coverage. Therefore, this court finds in favor of dismissal through the fifth and sixth Trejo factors.

6

III.     **Conclusion**

We find that the <u>Trejo</u> factors articulated by the Fifth Circuit heavily favor dismissal of the present case.  Accordingly, the State Court Plaintiffs' Motion to Dismiss (Docs. 21, 37) is hereby **GRANTED** and, therefore, Plaintiffs' suit is **DISMISSED** with prejudice.

SIGNED on this 31ˢᵗ day of January, 2017 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

7